IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| WILLIAM POTTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 2:17-CV-43 |
| ) | |
| MICROSOFT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION**

This matter involves *pro se* plaintiff William Potter ("Plaintiff"), who is suing Microsoft Corporation ("Defendant") for emotional abuse, emotional distress, and breach of contract. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 1] and all issues connected thereto.

Under 28 U.S.C. § 1915, a court may authorize the commencement of civil proceedings when the plaintiff has not paid the requisite filing fee if that plaintiff submits an affidavit disclosing all personal assets. Further, the affidavit must "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The plaintiff does not have to be completely destitute for a court to grant an application to proceed *in forma pauperis*. All that is necessary is that the plaintiff would suffer substantial hardship if required to pay the fee. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In the present case, Plaintiff's Application to Proceed without Prepayment of Fees and Plaintiff's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The

Application to Proceed without Prepayment of Fees [Doc. 1], therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990); see *Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

The Court must also address whether Plaintiff's Complaint survives under 28 U.S.C. § 1915(e)(2), which allows the Court to dismiss the case at any time if Plaintiff's allegation of poverty is untrue, or if the action (or appeal) is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Having reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), for the reasons set forth below, it is RECOMMENDED that the Court DISMISS this action as frivolous and for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff has filed a Complaint [Doc. 2] that states,

> Reports were made to Microsoft Corporation about a user threatening to harm them self [sic] - using there [sic] messaging system. When reporting the problem to Microsoft they claimed that they cannot release any information unless they verify the account even if its [sic] life threating [sic].

*Id.* at pg. 2. Plaintiff demands compensation in the amount of $60,000 for emotional abuse, $50,000 for emotional distress, and $1,500,000 for "breach of contract (vilate [sic] safety of others)" *Id.* at pg. 3. Plaintiff further demands that Defendant "consider an emergency response program to assist aginst [sic] life threating [sic] events." *Id.*

A federal court has jurisdiction over a case under 28 U.S.C. § 1331 (federal-question jurisdiction) or § 1332 (diversity of citizenship jurisdiction). Federal-question jurisdiction exists when the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists if the action is between citizens of

2

different states *and* the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity of citizenship must be complete, i.e. no plaintiff may be a citizen of any state of which any defendant is a citizen. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In the Complaint, Plaintiff does not claim that Defendant violated the Constitution, laws, or treaties of the United States, which would give the Court federal-question jurisdiction over this matter under 28 U.S.C. § 1331. Instead, Plaintiff only claims to be suing Defendant for "emotional abuse, emotional distress and breach of contract" [Doc. 2, pg. 1]. Therefore, Plaintiff must be invoking the Court's jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

Plaintiff is a citizen of Tennessee. *Id*. Defendant is a corporation; therefore, it is a citizen of its state of incorporation as well as its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is neither incorporated in nor does it have its principal place of business in Tennessee. Therefore, diversity of citizenship exists. Additionally, Plaintiff has alleged that the amount in controversy is $1,610,000, which satisfies the requirement of 28 U.S.C. § 1332 that the amount in controversy exceed $75,000. Therefore, the Court has jurisdiction over this case under 28 U.S.C. § 1332.

However, this Court finds that this Complaint is frivolous and fails to state a claim for which relief may be granted. Plaintiff states three causes of action: emotional abuse, emotional distress, and breach of contract [Doc. 2]. While *pro se* complaints are to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even when construing Plaintiff's Complaint liberally, Plaintiff provides inadequate factual allegations in the Complaint to support any of these claims.

3

First, Plaintiff alleges emotional abuse and emotional distress. Construing the Complaint liberally, Plaintiff could be referring to negligent infliction of emotional distress or intentional infliction of emotional distress. Since state law applies in diversity jurisdiction cases, the Court has analyzed Plaintiff's allegations under Tennessee law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). In Tennessee, negligent infliction of emotional distress requires the same elements as a typical negligence claim: duty, breach, harm, causation in fact, and proximate causation. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 206 (Tenn. 2012). In addition, the defendant's conduct must have caused the plaintiff to suffer severe emotional injury. *Id.* Plaintiff alleges no facts in his Complaint to satisfy even one of these elements.

Similarly, Plaintiff has not alleged any facts to support any of the elements of intentional infliction of emotional distress. To satisfy those elements, the defendant's alleged conduct must have been "(1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff." *Id.* at 205. Plaintiff has only alleged that, after reporting to Defendant a user's threats of self-harm made via Defendant's messaging system, Defendant said it could not release any information before verifying the account [Doc. 2 pg. 2]. Because these alleged facts do not satisfy the elements of negligent or intentional infliction of emotional distress, Plaintiff has not sufficiently pleaded his emotional abuse and emotional distress claims.

Second, Plaintiff alleges breach of contract. The Sixth Circuit has explained that "the basic elements of a breach of contract case under Tennessee law must include (1) the existence of a contract, (2) breach of the contract, and (3) damages which flow from the breach." *Life Care*

4

*Centers of America, Inc. v. Charles Town Associates Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Plaintiff has not stated facts to show the existence of a contract, nor has he explained how a contract was breached or how he sustained $1,500,000 of damage from such a breach. Therefore, he has not sufficiently pleaded a breach of contract claim, nor does it appear that he could based on these factual allegations.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous and for failure to state a federal claim upon which relief can be granted, but without prejudice to Plaintiff's rights to re-file. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a District Judge for examination of the complaint after a Magistrate Judge has granted the petition to proceed *in forma pauperis*.[1]

Respectfully submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).